Hon. Ronald B. Leighton

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRANDI GOURAS,<br><br>    Plaintiff,<br> vs.<br><br>UNIVERSAL CASUALTY COMPANY, a foreign insurer; DAVID WILLIAMS, JR.<br><br>    Defendants. | NO. 3:11-cv-05333-RBL<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND<br>[Dkt. #12] |

This matter is before the court on Plaintiff's Motion to Remand this action back to state court [Dkt. #12]. In August 2008, Plaintiff Gouras was severely injured when Defendant David Williams lost control of the car he was driving, and in which Gouras was a passenger. Williams was insured by Defendant UCC. On September 15, 2009, Gouras sued Williams in Pierce County Superior Court.

The case ultimately settled. In exchange for a Covenant not to Execute, Gouras obtained from Williams a stipulated judgment and an assignment of Williams' bad faith claim against his insurer, UCC. The settlement was conditioned on the Superior Court's finding that the settlement was reasonable. Plaintiff sought and received Leave to Amend its Complaint to add UCC as a Defendant in December 2010. UCC appeared and opposed that effort. The Amended Complaint was

ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND
Page - 1

served in January, 2011, before Gouras' settlement with Williams was finalized. In February, UCC moved for Summary Judgment. It argued that Plaintiff did not have standing to sue UCC, because she had not yet been assigned Williams' claims against UCC. That Motion was denied March 4, 2011. UCC's emergency, interlocutory appeal of that denial was abandoned.

Gouras sought the Superior Court's determination that the settlement was reasonable. UCC was notified of, and opposed, this effort. On March 18, 2011, Pierce County Superior Court Judge Orlando issued a "letter ruling" informing the parties of his determination that the settlement was reasonable. An Order reflecting that ruling was formally entered April 8.

UCC removed the case to this Court on April 29, asserting that there was diversity of citizenship (because Williams was now only a "nominal" defendant in light of the settlement and judgment against him) and claiming that its removal was timely under 28 U.S.C. §1446(b).

Plaintiff Gouras seeks remand to state court, arguing that there is not complete diversity among the parties (Williams and Gouras are both citizens of Washington), and because UCC did not remove within 30 days of the judge's letter ruling. It also argues that UCC did not remove within a year of the commencement of the underlying lawsuit. (28 U.S.C. §1446(b)).

Under *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998), and numerous other authorities, the party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. The removal statute is strictly construed against removal jurisdiction. The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing removal is proper. *Conrad*, 994 F. Supp. at 1198. It is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.* at 566.

Defendant cannot meet its burden of establishing removal jurisdiction under this standard. First, it cannot establish that complete diversity exists. Plaintiff's Motion to add UCC as a

Defendant was granted in December 2010. At that time, there was no diversity jurisdiction because Gouras and Williams were both citizens of Washington. Gouras' settlement with Williams – which led to a judgment against him, but not to his dismissal from the case – was not finalized until the Superior Court deemed it reasonable. Even then, Williams was not dismissed from the case; the judgment against him was not final.

UCC argues that Williams became a nominal defendant when the settlement was deemed reasonable, and that this new status opened a "new window" for it to remove the action, based on the fact that the parties were now diverse. UCC cites 28 U.S.C. §1441(b) and cases holding that nominal defendants are not to be considered in evaluating diversity.

There is authority for the proposition that the voluntary[1] mid-litigation dismissal of a non-diverse defendant provides the remaining, diverse defendant an opportunity to remove an existing case. There is authority for the proposition that a settlement with the non-diverse defendant leading to his dismissal is voluntary. *See*, for example, *Self v General Motors Corp.*, 588 F.2d 655 (9th Cir. 1985). The Defendant has not established, however, that a settlement of the sort reached here (a *Besel* settlement, in which the settling defendant is *not* released or dismissed from the case) is akin to the voluntary dismissal of the non-diverse defendant.

Nor can the Defendant establish that removal was timely, even if Williams was effectively dismissed from the case. If he was, the event that "dismissed" him was the consummation of the settlement with him. That settlement was deemed reasonable by the Superior Court in a letter dated March 18. UCC argues that the window for removal did not begin until the Order reflecting the ruling was formally entered, on April 8 – less than 30 days before its removal. But it is not the entry of a formal Order that triggers the strict 30 day removal period.

Instead, §1446(b) provides that the period begins to run upon Defendant's receipt of a

---

[1] The *involuntary* dismissal (for example, a defendant's successful motion for summary judgment) does not operate to open a "removal window."

ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND
Page - 3

1 complaint or "other papers" from which it can be first ascertained that the case is removable. In addition to the service of an unfiled complaint, the following "papers" have been deemed sufficient to trigger the 30 day period: interrogatory answers, deposition transcripts (or even deposition testimony), and developments in other cases. Here, the Judge's letter was a "paper" clearly indicating his determination that the settlement was reasonable, and UCC could have ascertained from it that the case was, on its theory, removable at that time. There is no authority for the claim that only a formal Order triggers the period.

Plaintiff's Motion to Remand is GRANTED. Plaintiff's request for an award of fees and costs is DENIED. The Clerk of the Court is directed to remand this case to Pierce County Superior Court. IT IS SO ORDERED.

Dated this 5th day of July, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE